## CENTURY ELECTRIC CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 12901.

Circuit Court of Appeals, Eighth Circuit.

Oct. 2, 1944.

Rehearing Denied Oct. 23, 1944.

Davis Haskin, of Boston, Mass., and George B. Logan, of St. Louis, Mo. (Thompson, Mitchell, Thompson & Young, of St. Louis, Mo., on the brief), for petitioner.

Robert Koerner, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen R. Carloss, and Hilbert P. Zarky, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

This is an appeal from a decision of the Tax Court which denied the taxpayer a credit in the calculation of the surtax on its undistributed profits for the years 1936 and 1937 to which the taxpayer claimed it was entitled under Section 26(c) (3) of the Revenue Act of 1936, as amended by Revenue Act 1942, § 501(a) (2), 26 U.S.C.A. Int.Rev.Acts. The facts were found by the Tax Court, and its supplemental opinion, reported in 3 T.C. 297, discloses the grounds of its decision.

It appears that the taxpayer was at no time insolvent and its books showed large accumulated earnings and profits at the close of the taxable years 1935 and 1936, respectively, but instead of distributing the earnings and profits to its stockholders it had distributed non-taxable stock dividends, common stock for common stock. It contended before the Tax Court, and contends here, that by reason of such stock dividends (and certain other claimed adjustments of its balance sheets) it had become a deficit corporation ("a corporation having a deficit in accumulated earnings and profits as of the close of the preceding taxable year") within the meaning of Section 26(c) (3), and that it was entitled to the credit of that section because it was prohibited from paying dividends by the law of Missouri where it is domiciled. The Tax Court held, in accord with Treasury Regulation 94, Rev.Acts 1936, 1942, Art. 26—2 [as amended by T.D. 5263, 1943 Cum.Bull. 1003, 1005, 1006] (d), that the non-taxable stock dividends distributed by the taxpayer did not serve to reduce the earnings and profits of the taxpayer, and that it had not become a deficit corporation within the meaning of the Act. The Regulation follows exactly the explanation of the true intent of Section 26(c) (3) made by the Senate Committee Report upon which it was enacted by the Congress. S.Rep. No. 1631, 77 Cong. 2d Sess. pp. 245-246.

It is here argued, as it was before the Tax Court, that the meaning of "a corporation having a deficit in accumulated earnings and profits," appearing in Section 26(c) (3), ought to be determined by Missouri law and prohibitions against distribution by corporations which, it is asserted, exist under that law. We are in accord with the Tax Court's reasoning and decision and think it rightly sought the true intent of the surtax on undistributed

profits law in the federal enactment. Section 115(h) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 870, declaring that the distribution of non-taxable stock dividends shall not be considered a distribution of earnings or profits of any corporation, precludes the reduction of the earnings and profits of a corporation on account of such non-taxable stock dividends so as to effect the deficit under Section 26(c) (3) for which credit is given by the section, and this taxpayer was therefore not a deficit corporation entitled to the credit it claimed as such. We do not consider Bedford's Estate v. Commissioner, 2 Cir., 144 F.2d 272, relied on by petitioner, to be applicable here. It arose under different statutory provisions and did not involve the surtax on undistributed profits law, the provisions of which we must apply in this case.

Our ruling renders discussion of taxpayer's claims for adjustment of other items of its balance sheets unnecessary. Such items are in the aggregate insufficient in amount to produce the asserted deficit.

Affirmed.