## PHILADELPHIA CARPET CO. v. UNITED STATES.

### Civ. A. 3808.

District Court, E. D. Pennsylvania.

Aug. 27, 1946.

Thomas M. Hyndman, of Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Dist. Atty., and Thomas J. Curtin, Asst. U. S. Dist. Atty., both of Philadelphia, Pa., for defendant.

WELSH, District Judge.

This suit was brought to secure a refund of undistributed profit taxes paid by the plaintiff for the years 1936 and 1937. The facts as set forth in a stipulation of the parties are adopted as the findings of the Court. Those essential to a determination of the cause are restated briefly as follows:

1. The Philadelphia Carpet Company is a Pennsylvania corporation organized in 1904 with an authorized capital of $100,000.

2. On November 1, 1912 the outstanding capital stock was $65,000 and the accumulated earnings and profits, $94,941.63 at which time the Board of Directors declared a stock dividend of 200 shares at $100 par.

3. Immediately thereafter the outstanding capital was $85,000 and the accumulated earnings and profits $74,941.63; and

by March 1, 1913 the accumulated earnings and profits were $83,343.96.

4. On October 31, 1922 the capital stock was $100,000, and the accumulated earnings and profits, $617,247.24; and on that date the authorized capital was increased from $100,000 to $500,000 in the manner provided by the state laws.

5. On the same date the Board of Directors declared a stock dividend of 4,000 shares at $100 par and a cash dividend of $25,000.

6. The stock dividend so declared and distributed was not taxed as income nor recognized as gain to the distributees.

7. Following the declaration of the stock dividend, the outstanding capital was $500,000 and the accumulated earnings and profits, $192,247.24.

8. In the years between October 31, 1922 and December 31, 1937 the company's earnings and losses from operations were credited or charged, less dividends, to its accumulated earnings and profits account, or surplus account. Operating losses in said period wiped out the surplus of $192,247.24 existing after the stock dividend of October 31, 1922 and resulted in a deficit of $54,911.99 on December 31, 1935. Profits earned in 1936 were not distributed but were credited to capital and the net deficit on December 31, 1936 was $14,594.71. The deficit on December 31, 1937 was $36,513.36.

9. In 1936 the corporation had taxable income of $47,097.92 which it did not distribute, and on which it paid corporate income taxes of $14,403.37, of which $8,397.60 represented taxes on undistributed profits.

10. In 1937 the corporation had taxable income of $2,727.11, which it did not distribute, and on which it paid corporate income taxes in the amount of $332.77, of which $111.50 represented taxes on undistributed profits.

11. The corporation claimed credit for its operating deficits in the years 1936 and 1937, and October 21, 1943 filed its claims for refunds of the amount of the taxes paid for the years 1936 and 1937 on undistributed profits in accordance with the provisions of Section 501(C) of the Revenue Act of 1942, 26 U.S.C.A.Int.Rev. Acts, page 345.

12. The Commissioner of Internal Revenue denied the claims for refund.

13. Section 701 of the Business Corporation Law of the State of Pennsylvania, approved May 5, 1933, Act of May 5, 1933, P.L. 364, 15 P.S. § 2852—701, prohibits the payment of dividends by corporations "except from the surplus of the aggregate of its assets over the aggregate of its liabilities, including in the latter the amount of its stated capital". Section 703 of the said Act, 15 P.S. § 2852—703, provides: "If a dividend is declared payable in shares having a par value, such shares shall be issued at the par value thereof, and there shall be transferred to stated capital at the time such dividend is declared an amount of surplus equal to the aggregate par value of the shares to be issued as a dividend".

14. The amount, if any, which the claimant is entitled to recover is $8,591.57 with interest, according to the law.

Sec. 14 of the Revenue Act of 1936, 26 U.S.C.A.Int.Rev. Acts, page 823, imposes a graduated tax on undistributed net income held by corporations, with the view to encouraging the payment of dividends so that they might be taxed as income to the shareholders. Sec. 26 of the Act, 26 U.S.C.A.Int.Rev. Acts, page 835, allowed a credit against taxable undistributed earnings to the extent that distribution was prevented by contractual obligations of the corporation. And by an amendment to that section (Revenue Act of 1942, Sec. 501, 26 U.S.C.A.Int.Rev. Acts, page 344) credit was also allowed "In the case of a corporation having a deficit in accumulated earnings and profits as of the close of the preceding taxable year, the amount of such deficit, if the corporation is prohibited by a provision of a law * * * from paying dividends during the existence of a deficit in accumulated earnings and profits * * *".

Defendant contends that the plaintiff is not a "deficit corporation" within the meaning of that section, and therefore not

entitled to credit its deficits against undistributed profits. The basis of the contention is that no deficit existed in its accumulated earnings and profits, inasmuch as a portion of the past earnings had been distributed as a stock dividend in 1922. It is argued that the accumulated earnings and profits which were capitalized by the stock dividend in 1922 do not retain their character as capital for the purposes of the section, and that there can be no deficit in accumulated earnings and profits until the deficit exceeds the stock dividends. In support of that position the defendant relies upon Sec. 115(h) of the Revenue Act of 1936, 26 U.S.C.A.Int.Rev. Acts, page 870, which declares that the distribution by a corporation of stock dividends "shall not be considered a distribution of earnings or profits * * * if the distribution was not subject to tax in the hands of such distributee * * *".

The question as to whether or not the taxpayer corporation is a deficit corporation under such circumstances has been amply and ably decided, including the effect of Sec. 115(h), by the authorities relied upon by the plaintiff. United States v. Byron Sash & Door Co., 6 Cir., 1945, 150 F.2d 44; Ogilvie Hardware Co. v. United States, D.C.W.D.La., 1945, 62 F.Supp. 338, the latter of which has since been affirmed in a comprehensive opinion by 5 Cir., 1946, 155 F.2d 577. In the cases cited the facts are analogous to those in the present matter and precisely the same issues were presented and considered on the arguments and authorities urged by the parties in this case. We are convinced of the soundness of the reasoning and the legal interpretations adopted by those courts and have reached the following legal conclusions:

1. Plaintiff during its tax years 1936 and 1937 was a deficit corporation within the meaning of Section 26(c) (3) of the Revenue Act of 1936, c. 690, 49 Stat. 1664, as added by Section 501 of the Revenue Act of 1942, c. 619, 56 Stat. 798, 26 U.S.C.A.Int.Rev. Acts, page 344.

2. The plaintiff, during the existence of the deficits in 1936 and 1937, was prohibited from paying dividends by the Business Corporation Law of Pennsylvania, Act of May 5, 1933, P.L. 364, 15 P.S. 2852—1 et seq., which had been in effect prior to May 1, 1936.

3. The plaintiff is entitled to a credit of $54,911.99 against its income of $47,097.92 for the purpose of determining the undistributed profits tax for the year 1936.

4. The plaintiff is entitled to a credit of $14,594.71 against its income of $2,727.11 for the purpose of determining the undistributed profits tax for the year 1937.

5. The plaintiff is entitled to judgment in the sum of $8,591.57 with interest, according to law.