PROSPER SHEVENELL & SON, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3059.    Promulgated May 21, 1945.

*Edward J. Keelan, Jr., Esq.*, for the petitioner.
*J. T. Haslam, Esq.*, for the respondent.

OPINION.

ARNOLD, *Judge*: Respondent determined a deficiency of $176.83 in petitioner's excess profits tax liability for the taxable year ended November 30, 1941. The sole issue is whether the sum of $105,000 representing the value of stock dividends issued in prior years should be included in petitioner's equity invested capital for excess profits tax purposes. Two other errors alleged by the petitioner were withdrawn.

The stipulated facts are adopted as a part of our findings of fact.

The petitioner was incorporated under the laws of Massachusetts on July 1, 1918, with its principal place of business at Dover, New Hampshire. Its returns for the taxable year were filed with the collector of internal revenue at Portsmouth, New Hampshire.

Petitioner's capital stock account, as of November 30, 1941, had a balance of $145,922.24 consisting of the following:

#### COMMON STOCK

| | |
|---|---:|
| July 1, 1918, issued for cash or property | $50,000.00 |
| Apr. 1, 1920, issued as a stock dividend and charged to surplus | 50,000.00 |
| Dec. 31, 1929, issued for cash | 4,985.28 |
| Nov. 29, 1932, issued for cash | 1,336.96 |
| Total issued | 106,322.24 |
| Less: Nov. 9, 1929, retired for cash | 15,400.00 |
| Amount outstanding | 90,922.24 |

#### PREFERRED STOCK

| | |
|---|---:|
| Oct. 24, 1929, issued as a stock dividend and charged to surplus | $55,000.00 |
| Total capital stock issued and outstanding | 145,922.24 |

On line 1 of schedule B of the excess profits tax return (Form 1121) filed by petitioner for the fiscal year ended November 30, 1941, "Equity Invested Capital at the beginning of the taxable year" is stated to be $145,922.24, which amount was computed as shown above.

The respondent, in his notice of deficiency, reduced equity invested capital, as shown by the return, from $145,922.24 to $41,312,03, which he computed as follows:

##### Capital Stock Issued for Cash or Property

| | | |
|---|---:|---:|
| July 1, 1918 | | $50,000.00 |
| December 31, 1929 | | 4,985.28 |
| November 29, 1932 | | 1,336.96 |
| Total | | $56,322.24 |
| Less: Cash paid to retire stock, November 9, 1929 | | 15,400.00 |
| Net cash received for stock | | $40,922.24 |
| Surplus as adjusted | | 389.79 |
| | | $41,312.03 |

The surplus of $389.79, shown above, was derived as follows:

| | | |
|---|---:|---:|
| Deficit as shown by the books November 30, 1940 | | $104,479.47 |
| Add: Social security tax as of November 30, 1940, not accrued on the books | | 130.74 |
| Deficit as adjusted November 30, 1940 | | 104,610.21 |
| Less: Amount charged to surplus account being nontaxable dividend paid in capital stock: | | |
| April 1, 1920 | $50,000.00 | |
| October 24, 1929 | 55,000.00 | |
| | | 105,000.00 |
| Surplus as adjusted | | 389.79 |

At April 1, 1920, petitioner had an earned surplus of $27,968.81, and on October 24, 1929, petitioner had an earned surplus of $52,005.59.

The stock dividends of $50,000 and $55,000 paid on April 1, 1920, and October 24, 1929, respectively, were nontaxable in the hands of the recipients.

In its brief petitioner concedes that it is not entitled to include $105,000 in equity invested capital as pleaded in its petition, but contends that $79,974.40 should be included in lieu of the former sum. The latter amount is the aggregate of petitioner's earned surplus on April 1, 1920, and October 24, 1929. Petitioner contends that when it declared stock dividends it had $79,974.40 in its earned surplus and that this sum should be added to its equity invested capital. Petitioner relies upon section 718 (a) (3) of the Internal Revenue Code and *Bedford* v. *Commissioner* (C. C. A., 2d Cir.), 144 Fed. (2d) 272; certiorari granted.

Section 718 (a) of the Internal Revenue Code, in so far as pertinent, defines equity invested capital for any day of any taxable year to be the sum of the following amounts, reduced as provided in subsection 718 (b) : (1) Money and (2) property (other than money) previously paid for stock, or as paid in surplus, or as contributions to capital; (3) distributions in stock; and (4) earnings and profits at the beginning of the taxable year. We are concerned here only with the inclusion in equity invested capital under subsection 718 (a) (3) (A) of the distributions in stock "Made prior to such taxable year to the extent to which they are considered distributions of earnings and profits." Subsection 718 (c) sets forth the rules for application of subsections (a) and (b). Subsection 718 (c) (1) reads as follows:

(1) DISTRIBUTIONS TO SHAREHOLDERS.—The term "distribution" means a distribution by a corporation to its shareholders, and the term "distribution in stock" means a distribution by a corporation in its stock or rights to acquire its stock. *To the extent that a distribution in stock is not considered a distribution of earnings and profits it shall not be considered a distribution.* A distribution in stock shall not be regarded as money or property paid in for stock, or as paid-in surplus, or as a contribution to capital. [Italics supplied.]

The above analysis makes it clear that no statutory distribution within the meaning of section 718 of the code occurs unless the stock dividend is considered a distribution of earnings and profits. The effect of a distribution of stock on earnings and profits of a corporation is governed by section 115 (h). That section provides that the distribution to a distributee by a corporation of its stock "shall not be considered a distribution of earnings or profits of the corporation (1) if no gain to the distributee was recognized from the receipt of the stock, or (2) if the distribution was not subject to tax in the hands of the distributee because it did not constitute income to him. See also section 30.718–3, Regulations 109.

In this case the parties have stipulated that the stock dividends of April 1, 1920, and October 24, 1929, were nontaxable in the hands of the recipients. This stipulation prevents the distributions from being considered distributions of earnings and profits of the corporation under the express language of section 115 (h). If the distributions of stock are not considered distributions of earnings and profits, they can not be included in equity invested capital under section 718. Subsection 718 (a) (3) includes distributions in stock made prior to the taxable year only to the extent to which such distributions are considered distributions of earnings and profits. Petitioner's stock distributions are therefore not includible in equity invested capital.

The *Bedford* case, *supra*, relied on by petitioner, is clearly distinguishable. The court there was not concerned with equity invested capital.

The earned surplus of $79,974 which petitioner claims should be included in equity invested capital was wiped out prior to the beginning of the taxable year, since petitioner's books show a deficit in its surplus account at November 30, 1940, of $104,479.

Reviewed by the Court.

*Decision will be entered for the respondent.*