OWENSBORO WAGON COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25835.   Promulgated September 25, 1952.

*James E. Fahey, Esq.,* for the petitioner.
*R. G. de Quevedo, Esq.,* for the respondent.

### OPINION.

JOHNSON, *Judge:* This proceeding involves deficiencies of $26,294.05 and $1,517.02 in excess profits tax for the fiscal years ended November 30, 1945, and November 30, 1946, respectively.   The issue is whether the petitioner is entitled to include in its equity invested capital under section 718, I. R. C., the sum of $204,775 for distributions in stock made prior to March 1, 1913.   All of the facts were stipulated and are so found.

Petitioner, a Kentucky corporation organized in 1883, kept its books and filed its income and excess profits tax returns during the taxable years on an accrual basis.   The returns were filed with the collector of internal revenue for the district of Kentucky.

Prior to May 14, 1898, petitioner had 2,188.25 shares of common stock outstanding, each of the par value of $50, which it had issued for paid-in capital in the amount of $109,412.50.   Thereafter in 1898 and in 1900, 1901, and 1909, petitioner paid to its common stockholders on a pro rata basis dividends of 25, 75, 25.41 and 4 per cent in its common stock, each share of which had a par value of $50.   In addition to the stock a small amount of cash was distributed on the same basis.   At the time of each distribution the earnings and profits of petitioner, after deductions for prior dividend payments, were in excess of the par value of the stock issued and cash paid in payment of the dividend. Promptly after each distribution the following amounts were transferred on petitioner's books from its earnings and profits account to its capital stock account for the stock dividends:

| Year dividend payment: | Shares distributed | Amount transferred |
|---|---|---|
| 1898 | 546. 75 | $27, 337. 50 |
| 1900 | 2049 | 102, 450. 00 |
| 1901 | 1216 | 60, 800. 00 |
| 1909 | [1] 283. 75 | 14, 187. 50 |
| Total | | 204, 775. 00 |

[1] During 1903 petitioner sold for cash 1,250 shares of its $50 par value common stock for a total of $62,500.

Each dividend was distributed pursuant to an authorization of petitioner's directors. The resolutions adopted by the directors directed that the distributions made in 1900 and 1901 be paid out of earnings. The dividends distributed in 1898 and 1909 were paid out of earnings and profits of petitioner.

The books of petitioner disclose a credit balance of $100,514.41 in its undivided profits account on January 14, 1913, and no surplus, and a deficit of $190,639.36 in its undivided profits account at the close of November 30, 1941. Pursuant to authorizations of its stockholders and directors, petitioner, on December 1, 1941, wrote down its capital stock account from $396,687.50 to $175,000, and of the amount of $221,687.50 by which the account was reduced, credited $190,639.36 to undivided profits and $31,048.14 to capital surplus.

In its excess profits tax returns for the taxable years petitioner included in its computation of equity invested capital the amount of $204,775 for stock dividends paid prior to March 1, 1913. The respondent held in his determination of the deficiencies that the amount was not includible in petitioner's equity invested capital for distributions in stock and restored the amount to petitioner's account for accumulated earnings and profits.

The provisions for determining equity invested capital of a taxpayer for the taxable years are contained in section 718 of the Internal Revenue Code. The general purpose of the provisions is to arrive at an amount which has a direct relation to the capital employed in the business. This is shown by the subsections in (a) providing, in general, for inclusion of money and property paid in for stock, or as paid-in surplus or as a contribution to capital, stock distributions to the extent that they are considered earnings and profits, accumulated earnings at the beginning of the taxable year, and new capital. Reductions of the amount computed under subsection (a) must be made as provided in subsection (b). Congress having defined the terms, only such amounts as are expressly provided for may be included.

Petitioner's contention in general is that the dividends are includible under the provisions of (a) (3) (A)[2] unless the subsection is controlled by section 115 (h).[3] As to section 115 (h), it says that it has

---

[2] SEC. 718. EQUITY INVESTED CAPITAL.
  (a) DEFINITION.—The equity invested capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following amounts, reduced as provided in subsection (b)—
  * * * * * * *
  (3) DISTRIBUTIONS IN STOCK.—Distributions in stock—
      (A) Made prior to such taxable year to the extent to which they are considered distributions and profits; * * *
[3] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.
  * * * * * * *
  (h) EFFECT ON EARNINGS AND PROFITS OF DISTRIBUTIONS OF STOCK.—The distribution (whether before January 1, 1939, or on or after such date) to a distributee by or on behalf of a corporation of its stock or securities, of stock or securities in another corporation, or

no application to dividends paid prior to March 1, 1913. The broad contention of respondent is that (a) (3) (A), interpreted in the light of his regulations, a report of the Ways and Means Committee of the House of Representatives on the statute, and section 115 (h), authorizes the inclusion of stock distributions only when the distribution reduced earnings and profits of the distributor and was taxable to the distributee.

Petitioner contends that section 115 (h) is applicable only to distributions made under revenue acts passed after the adoption of the Sixteenth Amendment, and therefore its provisions can not be extended to dividend payments made prior to March 1, 1913. Under our view of the question before us, we do not find it necessary to consider the point raised by the petitioner.

The statute should be so construed as to carry out the legislative purpose. *Foster* v. *United States*, 303 U. S. 118; *United States* v. *Ogilvie Hardware Co.*, 330 U. S. 709.

Rules for the application of subsections (a) and (b) are set forth in subsection (c), the first paragraph of which relates to the issue involved herein.[4]

It is apparent that under the statutory method prescribed by Congress for computing equity invested capital of a corporation, a distribution of stock is includible only to the extent that it is considered a distribution of earnings and profits. The amount so considered is includible under subsection (a) (3) (A) and the portion not so included remains as a part of the distributor's earnings and profits for inclusion under subsection (a) (4) as accumulated earnings at the beginning of the taxable year.

This is made clear by the report of the House Committee on Ways and Means, in which the following statement appears concerning stock dividends:

*   *   * Taxable stock dividends are included in invested capital because they represent, in effect, a reinvestment of earnings in the business. Conversely, if a stock dividend was not subject to tax in the hands of the distributee because it

---

of property or money, shall not be considered a distribution of earnings or profits of any corporation—

    (1) If no gain to such distributee from the receipt of such stock or securities, property or money, was recognized by law, or

    (2) If the distribution was not subject to tax in the hands of such distributee because it did not constitute income to him within the meaning of the Sixteenth Amendment to the Constitution or because exempt to him under section 115 (f) of the Revenue Act of 1934, 48 Stat. 712, or a corresponding provision of a prior Revenue Act.

[4] (1) DISTRIBUTIONS TO SHAREHOLDERS.—The term "distribution" means a distribution by a corporation to its shareholders and the term "distribution in stock" means a distribution by a corporation in its stock or rights to acquire its stock. To the extent that a distribution in stock is not considered a distribution of earnings and profits it shall not be considered a distribution. A distribution in stock shall not be regarded as money or property paid in for stock, or as paid-in surplus, or as a contribution to capital.

did not constitute income to him within the meaning of the sixteenth amendment to the Constitution or was not taxable to him under the applicable revenue law, it is not deemed to reduce the earnings and profits account and is therefore already reflected in the accumulated earnings and profits, * * *. [H. Rept. No. 2894, 76th Cong., 3d sess., p. 24; 1940–2 C. B. 496, 513.]

Subsection (c) (1) prohibits treatment of any of the distribution as money or property paid in for stock or as paid-in surplus or as a contribution of capital. Thus the basic problem here is whether a distribution of common on common prior to March 1, 1913, is considered a distribution of earnings and profits within the meaning of the statute. The respondent having restored the full amount of the distribution to accumulated earnings, the question is of importance to petitioner only because of operating losses after March 1, 1913, which offset most of the earnings involved in the stock dividends in controversy.

Specifically petitioner contends that the earnings and profits represented by the stock dividends were irrevocably transferred to capital and took on the same status as original capital and were not available for distribution to stockholders without further lawful proceedings for a reduction of capital stock. That they were not irrevocably taken out of their original character is shown by the restoration in 1941 of $190,639.36 of the amount to undivided profits.

The effect a stock dividend of common on common has on earnings and profits was considered in *Eisner* v. *Macomber*, 252 U. S. 189. In holding that Congress had no power to tax the dividend as income, the Court, after saying that the dividend was no more than a bookkeeping adjustment and that the stockholders received no more than new certificates without increasing the value of their holdings, said:

> The essential and controlling fact is that the stockholder has received nothing out of the company's assets for his separate use and benefit; on the contrary, every dollar of his original investment, together with whatever accretions and accumulations have resulted from employment of his money and that of the other stockholders in the business of the company, still remains the property of the company, and subject to business risks which may result in wiping out the entire investment. Having regard to the very truth of the matter, to substance and not to form, he has received nothing that answers the definition of income within the meaning of the Sixteenth Amendment.

In *Koshland* v. *Helvering*, 298 U. S. 441, a case involving whether upon a sale of preferred stock the cost thereof should be apportioned between it and common shares received as a dividend thereon, the Court construed *Eisner* v. *Macomber* as holding that a dividend of common on common "does not constitute the receipt of income by the stockholder." Such a distribution does not have the effect of a reinvestment in the business.

The fact that no power existed prior to March 1, 1913, to tax certain types of income without apportionment is not controlling, for under the *Macomber* case a true dividend of common on common is not

income to the recipient and what it said is applicable to pre-1913 distributions.

In *Prosper Shevenell & Sons, Inc.*, 5 T. C. 88, we said that "The effect of a distribution of stock on earnings and profits of a corporation is governed by section 115(h)," and held that stock dividends distributed after March 1, 1913, and nontaxable in the hands of the recipient, are not includible in equity invested capital under the provisions of (a) (3) (A). A like conclusion was reached in *P. Dougherty Co.*, 5 T. C. 791, 799. See also *Maverick-Clarke Litho Co.*, 11 T. C. 1087, affd. 180 F. 2d 587.

The intent of Congress to take into account in determining equity invested capital transactions occurring prior to March 1, 1913, is apparent. For instance subsection (a)(2) recognizes dispositions of property acquired before March 1, 1913, and property disposed of prior thereto, with a prescribed method of determining the basis of such property, and accumulated earnings at the beginning of the taxable year are includible without regard to the period during which they were earned.

Petitioner cites *United States* v. *Byron Sash & Door Co.*, 150 F. 2d 44, and *United States* v. *Ogilvie Hardware Co.*, 155 F. 2d 577, which involved the question of whether stock dividends charged to earnings and profits and credited to capital stock should be restored to the earnings account under the provisions of section 115 to determine whether a corporate taxpayer was a deficit corporation within the meaning of section 26 (c) of the the Revenue Act of 1936, as amended by section 501, Revenue Act of 1942. The reasoning of the courts in those cases was not followed on review of the *Ogilvie Hardware Co.* case by the Supreme Court,[5] 330 U. S. 709. The Supreme Court held that the ultimate question depended upon state law. Petitioner makes no contention that the issue here is controlled by state law. To the contrary, as already pointed out, Congress, instead of making the applicable provision dependent upon state law, fixed its own rules for the application of the statute.

The case of *Patty* v. *Helvering*, 98 F. 2d 717, is relied upon by petitioner to support a statement that "only for tax purposes are stock dividends ever to be deemed to be a distribution of earnings and profits." The same court held that its decision was in effect overruled by *Commissioner* v. *Bedford's Estate*, 325 U. S. 283. See also *Long* v. *Commissioner*, 155 F. 2d 847, involving a question under sections 115 (a) and (b) in which the court said that under *Eisner* v. *Macomber*, *supra*, a dividend of common on common is not a distribution of earnings and that such earnings are available for distribution as dividends, and *Maverick-Clarke Litho Co.*, *supra*, in which

---

[5] Petitioner does not cite the Supreme Court decision.

we and the Court of Appeals said that a dividend of that nature "is not considered a distribution of earnings and profits."

In *Foster* v. *United States, supra,* the question was whether dividends paid in 1930 were exempt from taxation under section 115 of the Revenue Act of 1928 as representing accumulated earnings prior to March 1, 1913, and the remarks of the Court that pre-1913 earnings are considered capital must be viewed in the light of the issue before it.

Accordingly, we find that respondent did not err in not including the stock dividends in equity invested capital under subsection (a) (3) (A) as distributions of stock.

Reviewed by the Court.

*Decision will be entered for the respondent.*