**BAKER LAND & TITLE COMPANY,**
**a Wisconsin corporation,**
**Plaintiff,**

v.

**UNITED STATES, Defendant.**

Civ. No. 2473.

United States District Court,
W. D. Wisconsin.

Dec. 7, 1954.

Roy C. LaBudde of Michael, Spohn, Best & Friedrich, Milwaukee, Wis., for plaintiff.

George E. Rapp, U. S. Atty., Madison, Wis., Jerome Fink, Special Asst. to the Atty. Gen., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Special Asst. to the Atty. Gen., for defendant.

STONE, District Judge.

Plaintiff brought this action for a refund of Two Thousand Three Hundred Forty-Two Dollars and Fifteen Cents ($2,342.15) with interest, an excess profits tax it paid for its fiscal year ended April 30, 1944.

The parties stipulated the facts as follows:

1. Plaintiff is a corporation organized and subsisting under the laws of the State of Wisconsin, with its principal offices in the Western District of Wisconsin, at the City of St. Croix Falls, County of Polk, State of Wisconsin. Plaintiff was and is engaged in the performance of various services in connection with land transactions, including the abstracts of titles thereto.

2. Plaintiff reports its income and excess profits tax on a fiscal year basis ended April 30. Plaintiff filed its income and excess profits tax returns for its fiscal year ended April 30, 1944, with the Collector of Internal Revenue for the District of Wisconsin.

3. In its income and excess profits tax return for the fiscal year ended April 30, 1944, plaintiff computed its excess profits tax credit on an equity-invested capital under Section 718 of the Internal Revenue Code (then in effect), in the amount of Seventy-Eight Thousand Two Hundred Nine Dollars and Eighty-Seven Cents ($78,209.87).

4. To the extent of Seventeen Thousand Three Hundred Dollars ($17,300.-00) the said amount of equity-invested capital so reported by plaintiff was paid in the form of cash and/or property by the stockholders of the plaintiff corporation prior to the year 1940.

5. The balance, Sixty Thousand Nine Hundred Nine Dollars and Eighty-Seven Cents ($60,909.87), of the said amount of Seventy-Eight Thousand Two Hundred Nine Dollars and Eighty-Seven Cents ($78,209.87), claimed by plaintiff as equity-invested capital on its said return, is the amount of a transfer on May 26, 1911, from the then earned surplus account of plaintiff to its then capital stock account upon the declaration by plaintiff's Board of Directors and payment in common stock of the plaintiff of a stock dividend of $503.387 per share on common stock outstanding, and issued to the then holders of all of the common stock then outstanding of plaintiff, such common stock being the only class of capital stock of plaintiff then outstanding. Prior to said stock dividend plaintiff's earned surplus was in excess of Sixty Thousand Nine Hundred Nine Dol-

lars and Eighty-Seven Cents ($60,909.-87).

6. Plaintiff's capital stock outstanding account was at all times since May 26, 1911 and during plaintiff's fiscal year ended April 30, 1944, no less than Seventy Eight Thousand Two Hundred Nine Dollars and Eighty-Seven Cents ($78,-209.87). On April 30, 1943 and on April 30, 1944, the books of the plaintiff showed an earned surplus deficit. On April 30, 1943 and on April 30, 1944, the books of the plaintiff corporation showed a deficit in earned surplus of Fifty-Six Thousand Seven Hundred Ninety-Eight Dollars and Thirty-Two Cents ($56,798.32) and Fifty Thousand Eight Hundred Twenty-Seven Dollars and Twenty-Six Cents ($50,827.26) respectively.

7. Upon audit of plaintiff's income and excess profits tax returns for its fiscal year ended April 30, 1944, the Commissioner of Internal Revenue made certain adjustments in plaintiff's income and excess profits tax liability, including the disallowance of the amount of said stock dividend, Sixty Thousand Nine Hundred Nine Dollars and Eighty-Seven Cents ($60,909.87) as part of plaintiff's equity-invested capital disclosed on plaintiff's said return, which disallowance accordingly reduced plaintiff's excess profits tax credit to that computed on the remaining equity-invested capital in the amount of Seventeen Thousand Three Hundred Dollars ($17,300.00).

8. On the basis of said adjustment and others, the Commissioner proposed a deficiency in plaintiff's income and excess profits tax liability for its fiscal year ended April 30, 1944, in excess of the amount of Two Thousand Three Hundred Forty-Two Dollars and Fifteen Cents ($2,342.15).

9. On or about December 30, 1947 and January 22, 1948, said deficiency was in excess of Two Thousand Three Hundred Forty-Two Dollars and Fifteen Cents ($2,342.15) and was paid in full by two installments on said dates respectively, said payments having been made by plaintiff with interest in the total amount of Five Hundred Fifty Dollars and Thirty Cents ($550.30) to the individual who was then acting as Collector of Internal Revenue for the District of Wisconsin on each of the above dates.

10. If the decision of the court shall be for plaintiff, then the amount of the judgment shall be computed by agreement between the parties, on the basis of including as part of plaintiff's equity-invested capital for its fiscal year ended April 30, 1944, under Section 718, Internal Revenue Code, 26 U.S.C.A: § 718, the sum of Sixty Thousand Nine Hundred Nine Dollars and Eighty-Seven Cents ($60,909.87), which was disallowed by the Commissioner of Internal Revenue. The amount of said judgment shall in no event exceed the sum of Two Thousand Three Hundred Forty-Two Dollars and Fifteen Cents ($2,342.15) plus the assessed interest attributable thereto, plus statutory interest as allowed by law.

11. Plaintiff filed with the Collector of Internal Revenue for the District of Wisconsin a timely claim for refund of said deficiency so paid, said claim being for the refund of Two Thousand Three Hundred Forty-Two Dollars and Fifteen Cents ($2,342.15). A true copy of said claim is attached to the complaint herein as Exhibit "A".

12. Under date of August 7, 1951, plaintiff was advised by written notice sent registered mail by the Collector of Internal Revenue, pursuant to 28 U.S. C. § 3772(a) (2), that the said claim for refund had been disallowed in full. No part of said amount for refund of which the said claim was filed, has heretofore been refunded or credited to the plaintiff.

13. Plaintiff is and always has been the sole owner of the claim for refund herein referred to and has not assigned the whole or any part thereof or any interest therein.

The Court adopts said Stipulation of Facts as its findings of fact.

The sole question before the Court is whether the amount of plaintiff's 1911 stock dividend is includible in plaintiff's

equity-invested capital under Section 718 of the Internal Revenue Code.

Section 718(a) of the Code provides:

"(a) Definition. The equity invested capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following amounts, reduced as provided in subsection (b)—

"(1) Money paid in. Money previously paid in for stock, or as paid-in surplus, or as a contribution to capital;

"(2) Property paid in. Property (other than money) previously paid in (regardless of the time paid in) for stock, or as paid-in surplus, or as a contribution to capital. Such property shall be included in an amount equal to its basis (unadjusted) for determining loss upon sale or exchange. If the property was disposed of before such taxable year, such basis shall be determined under the law applicable to the year of disposition, but without regard to the value of the property as of March 1, 1913. If the property was disposed of before March 1, 1913, its basis shall be considered to be its fair market value at the time paid in. If the unadjusted basis of the property is a substituted basis, such basis shall be adjusted, with respect to the period before the property was paid in, by an amount equal to the adjustments proper under section 115($l$) for determining earnings and profits;

"(3) Distributions in stock. Distributions in stock—

"(A) Made prior to such taxable year to the extent to which they are considered distributions of earnings and profits; and

"(B) Previously made during such taxable year to the extent to which they are considered distributions of earnings and profits other than earnings and profits of such taxable year;

"(4) Earnings and profits at beginning of year. The accumulated earnings and profits as of the beginning of such taxable year;"

Section 1765, Statutes of 1898, of the Wisconsin Statutes then in force in 1911 when the stock dividend was declared by plaintiff upon the transfer of Sixty Thousand Nine Hundred Nine Dollars and Eighty-Seven Cents ($60,909.87) from earned surplus to capital stock outstanding, provided:

"* * * any corporation which has invested or may invest its net earnings or income or any part thereof in permanent additions to its property or whose property shall have increased in value, may lawfully declare a dividend payable to stockholders upon its capital either in money or in stock to the extent of the net earnings or income so invested or of the said increase in the value of its property; but the total amount of such dividend shall not exceed the actual cash value of the assets owned by the corporation in excess of its total liabilities, including its capital stock."

Under the Wisconsin law, the pre-1913 stock dividend paid in stock out of the earned surplus of the plaintiff corporation, which was then transferred to the capital stock outstanding account, is to be considered a "distribution of earnings and profits", and when the stock dividend was declared in 1911 upon the transfer of Sixty Thousand Nine Hundred Nine Dollars and Eighty-Seven Cents ($60,909.87) from the earned surplus to capital stock outstanding, the issuance and distribution of the new shares amounted to a distribution of plaintiff's earnings to its stockholders under the Wisconsin Statutes, Section 1765.

The Supreme Court of Wisconsin in Soehnlein v. Soehnlein, 146 Wis. 330, 131 N.W. 739, held that a stock dividend of common stock declared on common stock outstanding in 1910 by the Pabst Brewing Co. out of its then earned surplus, by transfer therefrom to capital,

constitutes a distribution of net earnings of the company in the form of additional shares of stock.

The stock dividend declared and paid by plaintiff was so done pursuant to Wisconsin law, and was a distribution of net earnings prior to May 26, 1911.

The case of Owensboro Wagon Co. v. Commissioner of Internal Revenue, decided by the United States Court of Appeals for the Sixth Circuit, and reported in 209 F.2d 617, 619, in which the facts for all relevant purposes were practically identical to those here involved, is controlling in this action. The Court in overruling a decision of the Tax Court, 18 T.C. 1107, said:

"In the present case, the stock dividends were declared out of pre-1913 earnings and distributed to shareholders prior to March 1, 1913. * * *

"The present taxpayer had substantial accumulated earnings and profits prior to 1913. It distributed them to shareholders of common stock by the declaration of a common stock dividend and transferred an amount equal to the par value of such stock from its earnings and surplus account to its capital account. This was in accordance with prevailing practice and sanctioned by Kentucky law, Hite's Devisees v. Hite's Ex'r, 93 Ky. 257, 20 S.W. 778, 19 L.R.A. 173, when made out of accumulated earnings. As was said by the Supreme Court in Foster v. United States, 303 U.S. 118, 121, 58 S.Ct. 424, 426, 82 L.Ed. 700: 'Prior even to the 1924 act, this Court had determined that, for income purposes, earnings of a corporation accumulated prior to 1913 are to be considered capital.'"

After discussing the Federal Statutes involved, the Court concluded a sound well-reasoned opinion as follows:

"We are of the view that pre-1913 earnings have long been considered capital, that the Congress could not and if it could did not intend to change their status for the purpose of levying an excess profits tax where the earnings were accumulated, were capitalized and distribution occurred prior to the effective date of the Federal income tax law. The stock dividends here involved should have been allowed as a credit for invested capital. They were distributions of earnings and profits accumulated prior to 1913 and in any event came within § 718(a) (3) (A). They should have been included in the taxpayer's equity invested capital." Owensboro Wagon Co. v. Commissioner of Internal Rev., 6 Cir., 209 F.2d 617.

I agree with both the reasoning of the Court and the result reached therein, and as a conclusion of law find that the stock dividend involved in this action is includible in plaintiff's equity-invested capital under Section 718 of the Internal Revenue Code, and that the plaintiff is entitled to judgment against the defendant for the sum of Two Thousand Three Hundred Forty-Two Dollars and Fifteen Cents ($2,342.15) with interest as allowed by law.

Let judgment be entered accordingly.