OPINION. Van Fossan, Judge: The first question is whether the pre-March 1,1913, pro rata stock distribution of common on common is properly to be included in petitioner’s equity invested capital for excess profits tax purposes in the taxable years involved under section 718 of the Internal Revenue Code of 1939, the pertinent provisions of which are set forth below.[1] Specifically, the problem is whether such a distribution is to be deemed a distribution of earnings and profits within the meaning of the cited statute. The precise question posed has previously been before this Court on two occasions, first, in Owensboro Wagon Co., 18 T. C. 1107, revd. (C. A. 6, 1954) 209 F. 2d 617; and then again in Geo. W. Ultch Lumber Co., 21 T. C. 382. In each, we held adversely to the taxpayer’s contention, that a distribution qf common on common, whether prior or subsequent to March 1, 1913, is not considered a distribution of earnings and profits, and is, therefore, not to be included in equity invested capital under section 718 (a) (3). The factual situation involved in the Owensboro Wagon Co. case is, for all practical purposes, identical to and indistinguishable from that in the present proceeding. Here, as there, the question is of importance to the petitioner only because losses sustained subsequent to March 1, 1913, have dissipated the earnings involved in the distributed stock dividend, but for which such earnings would be includible in equity invested capital as accumulated earnings and profits. See sec. 718 (a) (4), Code of 1939. Our opinion in the Owensboro Wagon Co. case was reviewed by the full Court and adopted without dissent. Our subsequent reversal by the Court of Appeals for the Sixth Circuit, the court to which this case will go if appealed, makes mandatory a reconsideration of the rationale employed by us in reaching our conclusion. We know of no case involving the exact question now pending on appeal before any Court of Appeals. See Baker Land & Title Co. v. United States, 126 F. Supp. 561 (W. D., Wis., 1954). Accordingly, we have fully reconsidered the question in the light of, and with due regard for, the views expressed by the Court of Appeals in its opinion. After such study we remain unconvinced of any error in our position. Thus, in all good faith, we must reaffirm the position heretofore taken by us, and, with high respect for the honorable Court of Appeals, decline to follow. Respondent’s action as to this item is, therefore, sustained. There remains the question of what amount, if any, is properly includible in petitioner’s equity invested capital in representing goodwill acquired by it from its predecessor partnership. Petitioner contends that it is entitled to include in its equity invested capital an amount for goodwill acquired from its predecessor partnership equivalent to the difference between the fair market value of the assets thereof and the par value of the stock issued in exchange therefor. It is respondent’s position that no goodwill was transferred from the predecessor partnership to petitioner at the time of its incorporation in 1880. Equity invested capital is purely a statutory concept. La Belle Iron Works v. United States, 256 U. S. 377. And the specific items to be included therein are set out in the statute. Goodwill is properly so includible as a part of paid-in capital. C. M. Hall Lamp Co. v. United States, 201 F. 2d 465. In the instant case, however, the evidence does not establish any amount for goodwill transferred to petitioner in 1880 from the partnership. There is no showing as to the fair market value of the partnership assets acquired by petitioner nor as to the fair market value of petitioner’s stock given in exchange therefor. In this regard, Regulations 112, section 35.718-1, provide, in part, as follows: If stock having no established market value is issued for intangible property, and it is necessary to determine the fair market value of such property, the following factors, among others, may be taken into consideration in determining such value: (a) The earnings attributable to such intangible assets while in the hands of the predecessor owner; and (6) any cash offers for the purchase of the business, including the intangible property, at or about the time of its acquisition. * * * Petitioner has offered no evidence to meet either of the above suggested factors. It is stipulated that the records of the earnings of the predecessor partnership prior to petitioner’s incorporation in 3 880 are unobtainable. Petitioner, thus, relies instead, upon its subsequent earnings. But, as we said in Holters Co., 16 B. T. A. 325, at page 332: The petitioner also relies on the fact that since it was formed it has earned profits much in excess of a fair return on its investment in physical assets as evidence that it received more than bare manufacturing facilities and equipment from its predecessors. We have several times held that large profits earned subsequent to incorporation is not convincing evidence that goodwill was acquired from predecessor concerns. * * * The foregoing is apposite here. Moreover, there is no evidence of any value ascribed to goodwill by the predecessor partnership either prior to or at the time its assets were taken over by petitioner. Cf. Landesman-Hirschheimer Co. v. Commissioner, 44 F. 2d 521. In view of the foregoing, therefore, we affirm respondent as to this issue. Decision will ~be entered under Bule 50. SBC. 718. EQUITY INVESTED CAPITAL. (a) Definition. — The equity invested capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following amounts, reduced as provided in subsection (b)— ******* (3)- Distributions, in stock. — Distributions in stock— (A) Made prior to such taxable year to the extent to which they are considered distributions of earnings and profits ; and (B) Previously made during such taxable year to the extent to which they are considered distributions of earnings and profits other than earnings and profits of such taxable year; (41 Earnings and profits at beginning of year. — The accumulated earnings and profits as of the beginning of such taxable year ;