Richmond Hosiery Mills v. Commissioner.
Richmond Hosiery Mills v. Commissioner
Docket No. 31528.
United States Tax Court
T.C. Memo 1955-214; 1955 Tax Ct. Memo LEXIS 119; 14 T.C.M. (CCH) 847; T.C.M. (RIA) 55214; July 29, 1955
*119 Joseph B. Brennan, Esq., for the petitioner. George W. Calvert, Esq., for the respondent. JOHNSON Memorandum Opinion JOHNSON, Judge: This proceeding involves deficiencies in excess profits tax for the years 1942, 1943, 1944 and 1945 in the respective amounts of $117,864.21, $19,661.55, $45,163.31 and $12,069.39. The issue is whether dividends of common stock on common stock distributed prior to March 1, 1913, are includible in equity invested capital under section 718(a)(3) of the Internal Revenue Code of 1939. All of the facts are set forth in a stipulation of facts which we adopt by reference as our findings of fact. [Findings of Fact] Petitioner, a Georgia corporation, filed its income and excess profits tax returns for the years 1942, 1944 and 1945 with the collector of internal revenue for the district of Georgia and like returns for the year 1943 with the collector for the district of Tennessee. On January 2, 1902, pursuant to authorization of its board of directors, petitioner made a pro rata distribution of 450 shares of common stock par value $100 each to its common stockholders. At that time the accumulated and undistributed earnings and profits *120 of petitioner, recorded on its books in a surplus account, were $24,825. The stock dividend was entered on petitioner's books by a credit of $45,000 to its capital stock account and a charge of $24,825 to its surplus account and $20,175 to its depreciation reserve account. On September 1, 1909, in accordance with authority granted by its directors, petitioner paid a like stock dividend of 1,000 shares of stock. The accumulated earnings and undistributed profits of petitioner in a surplus account at that time were in excess of $100,000, after allowance of a reduction for the $24,825 charged to the account in connection with the stock dividend paid in 1902. All of the par value of $100,000 of the stock so distributed was credited to the capital stock account of petitioner and charged to its surplus account. At the time the stock dividends were paid, petitioner had only common stock authorized and outstanding, each share of which had a par value of $100. In determining the excess profits tax liability of petitioner for the years 1940 to 1945, inclusive, respondent excluded the stock dividends paid in 1902 and 1909 in his computation of equity invested capital. [Opinion] We *121 concluded in Owensboro Wagon Co., 18 T.C. 1107, revd. 209 Fed. (2d) 617, that dividends paid prior to March 1, 1913, of common stock on common stock, as here, are not includible in equity invested capital under section 713(a)(3) of the Internal Revenue Code of 1939. That conclusion was followed by us in The Geo. W. Ultch Lumber Co., 21 T.C. 382. The precise question was before us again in The Stacey Manufacturing Co., 24 T.C. - (No. 77) in which we considered our conclusion in the Owensboro Wagon Co. case in the light of its reversal by the United States Court of Appeals. Not being convinced that our position was incorrectly taken, we respectfully declined to follow the contrary view of the United States Court of Appeals. The contention being made here by petitioner on brief does not impress us as requiring a conclusion contrary to that reached by this Court in the cases heretofore decided. Accordingly, the respondent's action is sustained. To reflect assessment and payment of the deficiencies as set forth in the stipulation of facts, Decision will be entered under Rule 50.