The STACEY MANUFACTURING COMPANY, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

RICHMOND HOSIERY MILLS,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 12735, 12740.

United States Court of Appeals Sixth Circuit.

Nov. 2, 1956.

Robert P. Goldman, Cincinnati, Ohio (Harry Stickney, of Paxton & Seasongood, Cincinnati, Ohio, on the brief), for Stacey Mfg. Co.

Joseph B. Brennan (of Sutherland, Asbill & Brennan), Atlanta, Ga., for Richmond Hosiery Mills.

Charles K. Rice, Lee A. Jackson, Harry Baum and S. Dee Hanson, Washington, D. C., for Commissioner of Internal Revenue.

Before MARTIN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

In both these tax reviews, the respective tax judges have refused to follow, as the settled rule of this circuit, our decision in Owensboro Wagon Co. v. Commissioner of Internal Revenue, 6 Cir., 209 F.2d 617, reversing the decision of the tax court reported in 18 T.C. 1107.

In the case first listed above, Stacey Manufacturing Company v. Commissioner, Judge Van Fossan states in his opinion that the factual situation involved in the Owensboro Wagon Company case is, for all practical purposes, identical with the facts encountered here. He points out that the opinion of the Tax Court of the United States in the Owensboro Wagon Company case was reviewed by the whole court and adopted without dissent. He states that, after re-study of our opinion reversing the tax court's opinion in that case, the tax court remains unconvinced of error in its position and declines, in the instant controversy, to follow our opinion in the Owensboro Wagon Company case.

In the second case above listed, Richmond Hosiery Mills v. Commissioner of Internal Revenue, the opinion of the tax court was written by Judge Johnson. He states that the precise question in the Stacey Manufacturing Company case is presented in the Richmond Hosiery Mills case; and that, not being convinced that the position of the tax court in the Owensboro Wagon Company case was incorrectly taken, the tax court respectfully declines to follow the contrary view of this court, asserted in our opinion in the Owensboro case.

Two circuit courts of appeals have agreed with our opinion in Owensboro Wagon Company v. Commissioner, supra. Baker Land & Title Co. v. United States, 7 Cir., 231 F.2d 536; and Richmond Hosiery Mills v. Commissioner, 5 Cir., 233 F.2d 908.

The situation developed in these cases requires the expression of our considered opinion that the Tax Court of the United States is not lawfully privileged to disregard and refuse to follow, as the settled law of the circuit, an opinion of the court of appeals for that circuit. If the tax court is not bound on questions of law by decisions of the appropriate circuit having jurisdiction, why should any jurisdiction be vested in circuit courts of appeals to review decisions of the tax court? The district courts of the several circuits also have statutory jurisdiction in tax cases and they are bound to follow the rules of decision pronounced by the United States Court of Appeals having appellate jurisdiction over the particular district court. The tax court is no less bound to do so. The mere fact that it is a court having jurisdiction in tax cases throughout the United States does not establish the tax court as superior in any aspect to United States District Courts.

The desire of the tax court to establish by its decisions a uniform rule does not empower it to disregard the decisions of its several reviewing courts of appeals. It is for the Supreme Court of the United States—and for that tribunal alone— to review and reverse decisions of the courts of appeals of the United States in their respective jurisdictions. Until the Supreme Court reverses a rule by a court of appeals for its circuit, that rule must be followed by the tax court.

For the reasons stated in the opinion of our Chief Judge Simons in Owensboro Wagon Co. v. Commissioner of Internal Revenue, supra, in which Judges Martin and Miller concurred, we adhere to our decision in that case: from which it follows that the decision of the tax court in each of the instant reviews is reversed; and the cases are remanded for redetermination of deficiencies and for the determination of the resulting overpayments on the basis of the inclusion of petitioners' pre-March 1, 1913, stock distributions in petitioners' equity invested capital.